Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6721 | **DATE** | 11/28/2001 |
| **CASE TITLE** | Muzikowski et al vs. Paramount Pictures Corp. et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** We grant defendants' motion (Doc 11-1) and dismiss the complaint without prejudice. All other pending motions are moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | NOV 2 9 2001 date docketed | |
| ✓ | Docketing to mail notices. | | 16 |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| | SCT    courtroom deputy's initials | 01 NOV 28 PM 1:59 date mailed notice | |
| | | Date/time received in central Clerk's Office    mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT E. MUZIKOWSKI, an individual, NEAR WEST LITTLE LEAGUE, INC., an Illinois not-for-profit corporation, | ) ) ) ) | DOCKETED NOV 2 9 2001 |
| Plaintiffs, | ) ) | |
| vs. | ) ) | 01 C 6721 |
| PARAMOUNT PICTURES CORPORATION, SFX TOLLIN/ROBBINS, INC. and FIREWORKS PICTURES, | ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on a motion to dismiss by Defendants Paramount Pictures, SFX Tollin/Robbins Productions, and Fireworks Pictures. For the reasons set forth below, the motion is granted.

## BACKGROUND

Plaintiff Robert Muzikowski ("Muzikowski") is a securities broker and insurance agent who has been active for the last 10 years in organizing and running baseball leagues for young boys in Chicago and New York. Muzikowski has founded several leagues, among them the Near North Little League® and Plaintiff Near West

Little League® ("NWLL"). Because of his efforts, Muzikowski has been recognized by Little League, Inc., the governing body of all Little League programs, and he has been featured in several publications and broadcasts around the country.

In 1994, an assistant coach in the Near North Little League® authored a nonfiction account of his coaching experience entitled *Hardball: A Season in the Projects*. The book mentions Muzikowski several times and discusses his life and background, as well as his work with the Near North teams. Defendant Paramount Pictures purchased the film rights for the novel and in September 2001 released the film *Hardball*, produced by Defendant Tollin/Robbins Productions and distributed by Defendant Fireworks Pictures (collectively referred to as "Paramount"). The film, a work of fiction, recounts the story of Conor O'Neill, a hard-drinking gambling addict who coaches an inner-city baseball team of young boys to pay off a debt to a bookie. At various points in the film, O'Neill is portrayed as violent, self-centered, and engaged in illegal activities such as ticket scalping.

Based on preliminary reviews of the film, Muzikowski filed suit first in California and then in this court, seeking an injunction of the film's release and $11,000,000 in damages for defamation and false light invasion of privacy. Paramount moves to dismiss the complaint in its entirety.

## LEGAL STANDARD

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of a complaint. Triad Associates, Inc. v. Chicago Hous. Auth., 892 F.2d 583, 586 (7th Cir. 1989). In ruling on a motion to dismiss, the court must construe the allegations of the complaint in the light most favorable to the plaintiff, and all well-pleaded facts and allegations in the complaint must be accepted as true. Bontkowski v. First Nat'l Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993).

The allegations of a complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. Lucien v. Preiner, 967 F.2d 1166, 1168 (7th Cir. 1992). With these principles in mind, we turn to Paramount's motion.

## DISCUSSION

Muzikowski's complaint is framed in two counts: one for defamation and one for false light invasion of privacy. As we sit in diversity on this case, we apply the substantive law of Illinois. Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938).

## A. Defamation

To state a cognizable claim for defamation in Illinois, a plaintiff must allege a defamatory statement, i.e., one that "tends to cause such harm to the reputation of another that it lowers that person in the eyes of the community or deters third persons from associating with [the plaintiff]." Bryson v. News America Publications, Inc., 174 Ill.2d 77, 87-88 (1996). The statement must be of and concerning the plaintiff and cause damage to the plaintiff's reputation. Id.

As a preliminary matter, we note that the complaint does not claim that the film and its contents tend to harm the reputation of NWLL; it discusses only statements that allegedly refer to Muzikowski. As such, the complaint does not make out a viable claim of defamation as to NWLL. Thus, we direct our full attention to the coach's claims.

According to Muzikowski, the film actually is or could reasonably be considered a depiction of him. He claims that O'Neill's negative traits, especially his criminal activity, consumption of alcohol, and motivations for becoming involved with boys' baseball, are defamatory.

Defamation comes in two forms: *per se* (statements that are presumptively harmful to a plaintiff's reputation) and *per quod* (statements that require extrinsic facts either to show that they refer to the plaintiff or to explain their defamatory meaning).

Bryson v. News America Publications, Inc., 174 Ill.2d 77, 103 (1996). At common law, defamation *per se* fell into four categories: statements that imputed (1) infection with a communicable disease, (2) commission of a crime, (3) inability to perform or want of integrity to discharge duties of office or employment, or (4) lack of ability in the plaintiff's trade, profession, or business. Id. at 88. Illinois by statute added another category of *per se* statements: false accusations of fornication or adultery. 740 ILCS 145/1.

Muzikowski alleges that the film should be considered defamatory *per se* as to him because O'Neill engages in illegal activity and the depiction of O'Neill's behavior and motivations casts aspersions on Muzikowski's professional integrity and ability as a securities broker and insurance agent. In response, Paramount looks to the so-called innocent construction rule. Under this rule, if an allegedly defamatory statement can reasonably be construed to refer to someone other than the plaintiff or to have a nondefamatory meaning, the statement cannot be defamatory *per se*. Chapski v. Copley Press, 92 Ill.2d 344, 352 (1982). Paramount also contends that because the fictional character does not bear Muzikowski's name, the film by definition cannot be defamatory *per se*. Barry Harlem v. Kraff, 273 Ill. App. 3d 388, 390 (1995); Homerin v. Mid-Illinois Newspapers, 245 Ill. App. 3d 402, 405 (1993); Schaffer v. Zekman, 196 Ill. App. 3d 727, 732 (1990); Moore v. Streit, 181 Ill. App. 3d 587, 597-98 (1989).

However, a name is not the only thing that will immediately identify a plaintiff and thus render a statement defamatory as to the plaintiff on its face. Bryson, 174 Ill.2d at 96-97; Coffey v. MacKay, 2 Ill. App. 3d 802, 807 (1972). Conversely, some very common names, such as John Smith or Jane Jones, may not be enough to identify a particular plaintiff without need for extrinsic evidence. In any event, in this case, Muzikowski is not mentioned by name in the film. To maintain an action for defamation *per se*, Muzikowski's complaint therefore must provide another basis for the conclusion that O'Neill is immediately identifiable as Muzikowski. Although Muzikowski has alleged several similarities between himself and O'Neill (e.g., both have deceased fathers, both cut their hands in bar fights, both have had problems with alcohol consumption, both drove station wagons), he also points out several differences (e.g., O'Neill is an active drinker, Muzikowski no longer consumes alcohol; O'Neill is a compulsive gambler, Muzikowski is not; O'Neill uses his father's death to persuade others to lend him money, Muzikowski has not; O'Neill begins coaching to pay off a gambling debt; Muzikowski got involved with children's baseball for philanthropic reasons). Based on the differences between O'Neill and Muzikowski and the fact that the film is a work of fiction, which Muzikowski has not disputed, the character could reasonably be construed to refer to someone other than Muzikowski

or to no actual person at all. We therefore conclude that the innocent construction rule prevents us from finding that the film is defamatory *per se*.

Muzikowski could still set forth a viable defamation claim if the film can be considered defamatory *per quod*. Statements defamatory on their face that do not fall into one of the *per se* categories and statements that are not defamatory on their face but that can be shown defamatory by extrinsic facts are designated defamation *per quod*. Bryson, 174 Ill.2d at 88, 103. Because this type of defamation does not involve presumptively harmful statements, to properly plead a claim, a plaintiff must allege special damages resulting from the defamatory statement. Id. at 87-88. Under Fed. R. Civ. P. 9(g), allegations of special damage are not subject to the relaxed requirements of notice pleading; rather they must be specifically stated. In diversity cases, whether an allegation of special damages is sufficiently specific is a matter of federal, not state law. Brown & Williamson Tobacco Corp. v. Jacobson, 713 F.2d 262, 269-70 (7th Cir. 1983). Allegations that a plaintiff was damaged and will continue to be damaged as the natural result of an allegedly defamatory statement do not satisfy the heightened pleading standard for special damages. American Needle & Novelty, Inc. v. Drew Pearson Marketing, Inc., 820 F. Supp. 1072, 1076 (N.D. Ill. 1993). Neither will a general claim that the plaintiff's business has been damaged accompanied by an

unexplained dollar amount meet the specificity requirement of Rule 9(g). <u>Paul v. Premier Electrical Construction Co.</u>, 581 F. Supp. 721, 724-25 (N.D. Ill. 1984).

Muzikowski's complaint centers on anticipated harm that he believes will be the natural result of the film. He claims that corporate sponsors of his leagues will be reluctant to contribute, it is unlikely that volunteers will continue to donate their time, his securities and insurance clients will have reason to believe that Muzikowski misrepresents himself, his sales in the form of renewals and referrals could reasonably be impacted, and he will become a target of gangs in the areas where he coaches. Neither this court nor Muzikowski can see into the future to divine whether these events will happen, if they will occur as a result of the film, and how much damage they would cause Muzikowski if they did come to pass. Paragraph 126 of the complaint arguably describes past harm, stating that Muzikowski has spent time that would normally be used for sales calls trying to mitigate the harm to his reputation. Nowhere in that paragraph or anywhere else in the complaint does he describe how the time he has spent resulted in the $3,000,000 of damages he seeks in his prayer for relief. Accordingly, we conclude that Muzikowski has not adequately alleged the special damages needed to support a claim of defamation *per quod*. Because the complaint does not make out a proper claim for defamation *per se* or *per quod*, we dismiss Count I.

## B. False Light Invasion of Privacy

Although we can find no definitive Illinois case on the issue of a nonhuman entity's standing to bring suit for false light invasion of privacy, we agree with the reasoning set forth in Eberhardt v. Morgan Stanley Dean Witter Trust FSB, 2001 WL 111024, at *5 (N.D. Ill. 2001). In Eberhardt, the court took the Illinois Supreme Court's reliance on the Restatement (Second) of Torts in defining the tort of false light as an indication that it would adopt the Restatement view that only living individuals can maintain an action for false light. Restatement (Second) of Torts § 652I. NWLL, as a corporation, therefore does not have standing to pursue Count II.

Muzikowski, as a living person, does not face the same initial hardship as NWLL. However, he must still demonstrate that he has pleaded a proper claim. A viable cause of action for false light invasion of privacy requires the plaintiff to plead that the defendant's actions placed the plaintiff in a false light before the public, the false light would be highly offensive to a reasonable person, and that the defendant acted with actual malice, defined as knowledge of or reckless disregard for the falsity of its statements. Kurczaba v. Pollack, 318 Ill. App. 3d 686, 696 (2000). For the reasons stated in our discussion of defamation, Count II cannot pass the first hurdle because Muzikowski cannot show that he and O'Neill are one and the same. He correspondingly cannot show that the film places him in a false light. Even if

Muzikowski could get past the first element, given that he has not alleged that the film is nonfiction, false light and its requirement of actual malice seem singularly inapplicable under the circumstances of this case. In short, it is difficult to imagine how a production company could produce a work of fiction without knowledge of its falsity. Accordingly, we dismiss Count II.

## CONCLUSION

For the foregoing reasons, we grant Paramount's motion and dismiss the complaint without prejudice.

*[signature: Charles P. Kocoras]*

Charles P. Kocoras
United States District Judge

Dated: \_\_\_\_November 28, 2001\_\_\_\_