# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6721 | **DATE** | 12/2/2003 |
| **CASE TITLE** | Muzikowski vs. Paramount Pictures Corp. et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 12/16/2003 at 9:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Paramount's motion (Doc 33-1) to dismiss portions of the Second Amended Complaint is granted in part and denied in part.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | **DEC 0 3 2003** | |
| | Notified counsel by telephone. | | date docketed | **47** |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| SCT | courtroom deputy's initials | | mailing deputy initials | |

CLERK U.S. DISTRICT COURT

03 DEC -2 PM 4: 39

FILED

date/time received in central Clerk's Office

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**
DEC 0 3 2003

ROBERT E. MUZIKOWSKI, an individual,   )
                                        )
                    Plaintiff,          )
                                        )
            vs.                         )        01 C 6721
                                        )
PARAMOUNT PICTURES CORPORATION;         )
SFX TOLLIN/ROBBINS, INC.; and           )
FIREWORKS PICTURES,                     )
                                        )
                    Defendants.         )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on the motion of Defendants Paramount

Pictures Corporation; SFX Tollin/Robbins, Inc. and Fireworks Pictures (collectively

referred to herein as "Paramount") to dismiss Counts II, III, and V through XI of the

Second Amended Complaint filed by Plaintiff Robert Muzikowski ("Muzikowski")

pursuant to Fed. R. Civ. Proc. 12(b)(6). For the reasons set forth below, the motion is

granted in part and denied in part.

## BACKGROUND

Muzikowski is a securities broker and insurance agent. For the last ten years,

he has been active in organizing and running baseball leagues for young boys in

Chicago and New York. Muzikowski has founded several leagues, among them the Near North Little League ("NNLL") and Near West Little League ("NWLL"). He has also been involved with a not-for-profit charitable organization called the Chicago Hope Academy. Because of his efforts, Muzikowski has been recognized by Little League, Inc., the governing body of all Little League programs, and he has been featured in several publications and broadcasts around the United States.

In 1994, an assistant coach in the NNLL named Daniel Coyle authored a nonfiction account of his coaching experience entitled *Hardball: A Season in the Projects*. The book mentions Muzikowski several times and discusses his life, background, and his work with the NNLL teams. Paramount purchased the film rights to the book, and in September 2001 released the film *Hardball*. The film recounts the story of Conor O'Neill ("O'Neill"), a hard-drinking gambling addict who coaches an inner-city baseball team of young boys to pay off a debt owed to a bookie. O'Neill is portrayed as violent and self-centered, as well as engaging in illegal activities such as ticket scalping.

Based on preliminary reviews of the film, Muzikowski filed suit first in the Central District of California. He voluntarily dismissed that action and refiled it in this Court. He sought an injunction of the film's release and $11,000,000 in damages for

defamation and false light invasion of privacy. The motion for a preliminary injunction was denied and the film hit theaters on September 14, 2001.

On November 28, 2001, this Court dismissed Muzikowski's defamation per se claims on the basis that the film could be innocently construed. Muzikowski v. Paramount Pictures Corp., 2001 WL 1519419 (N.D. Ill. 2001). The false light claims were dismissed on similar grounds. Id. The per quod claims were dismissed for failure to plead special damages with sufficient specificity. Id. The dismissal was expressly without prejudice, and Muzikowski appealed, and the Seventh Circuit reversed our decision on the per se and false light claims, holding that, because of the different standards of pleading in the Illinois state and federal courts, the innocent construction rule cannot be applied on a motion to dismiss. Muzikowski v. Paramount Pictures Corp., 322 F.3d 918 (7th Cir. 2003). Muzikowski has since amended his complaint to include nine new claims. Paramount now launches a 12(b)(6) challenge to Counts II, III, and V through XI.

## LEGAL STANDARD

Rule 12(b)(6) motion to dismiss is used to test the legal sufficiency of a complaint. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, a court must draw all reasonable inferences in favor of the plaintiff, construe allegations of a complaint in the light most favorable to the plaintiff,

and accept as true all well-pleaded facts and allegations in the complaint. Bontkowski v. First Natl. Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993); Perkins v. Silverstein, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. Kyle v. Morton High Sch., 144 F.3d 448, 454-55 (7th Cir. 1998). The plaintiff need not allege all of facts involved in the claim and can plead conclusions. Higgs v. Carter, 286 F.3d 437, 439 (7th Cir. 2002); Kyle, 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim." Id. Further, the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the basis" of the claim. Perkins, 939 F.2d at 466-67. With these principles in mind, we turn to the motion at hand.

## DISCUSSION

After the parties filed their initial submissions on this motion, we requested further briefing on the application of Fed. R. Civ. Proc. 41(a)(1) and the Illinois single-

filing rule, 735 ILCS § 5/13-217. The parties have briefed the additional question, and we have carefully considered their arguments.

In essence, Muzikowski contends that neither of these rules apply to his case. In his view, the case has been voluntarily dismissed only once, when he dismissed the action filed in the Central District of California. In his view, the only other dismissal that occurred was our order granting Paramount's motion to dismiss. While it is true that our order was an involuntary dismissal, Muzikowski ignores a crucial chapter in the procedural history of this case. As stated earlier, our dismissal was expressly without prejudice. While the decision with regard to the per se claims did not hinge on a defect that could be cured with an amended pleading, the defamation per quod claims certainly did. Thus, at the time that Muzikowski elected to stand on his complaint and pursue appeal, the judgment was not final with respect to all claims, precluding appellate jurisdiction under 28 U.S.C. § 1291. Perhaps because Muzikowski was no longer represented by counsel, the appellate court did not decline to hear the case on the grounds that it had no jurisdiction until all claims were dismissed with prejudice. See West v. Macht, 197 F.3d 1185, 1189-90 (7th Cir. 1999). Rather than holding Muzikowski to strict compliance with this requirement, the appellate court interpreted his actions in pursuing an immediate appeal as "akin to a

voluntary dismissal," thus providing the finality necessary for an appeal to proceed.[1]

Muzikowski, 322 F.3d at 923-24. Muzikowski places great emphasis on the phrase "akin to" and contends that he never asked for any voluntary dismissal, so he cannot be held responsible for the fallout of the procedural vehicle chosen by the appellate court to allow his case to be heard and decided there. This argument singularly misses the point. Muzikowski voluntarily pursued his appeal of a decision that was not a final judgment. The only way for him to receive the relief he sought was to voluntarily dismiss the claims that he could have continued to pursue in the district court with an amended complaint. The appellate court overlooked the procedural improprieties in Muzikowski's presentation, and he accordingly received the benefit of an expedited appeal. It is difficult to grasp how he can now argue that he should be exempt from the

---

[1] The appellate court also concluded that finality was present because the one-year statute of limitations had expired by the time the appeal was argued, thus precluding any refiling of a new complaint. It is unclear why the court used this as a jurisdictional basis. In each of the cases cited by the court in support of its reasoning, the statute of limitations expired during the pendency of proceedings in the district court. See Larkin v. Galloway, 266 F.3d 718, 721 (7th Cir. 2001); Elmore v. Henderson, 227 F.3d 1009, 1011 (7th Cir. 2000). In this case, by contrast, less than three months of the one year had elapsed at the time of the dismissal; Muzikowski had almost thrice that amount of time left in which to refile in a timely manner. In addition, as is clear from the new claims in the amended complaint, Muzikowski could have included claims that were not couched in terms of defamation, obviating any application of the innocent construction rule.

consequences of the Seventh Circuit's magnanimous treatment of his unfamiliarity with rules of procedure.

Paramount acknowledges that the particular situation presented in this case has never been directly addressed in case law discussing Rule 41(a)(1) or the Illinois single-filing rule. Our research has likewise revealed no authority directly on point. Paramount advances compelling arguments rooted in the policies behind the two rules. In short, the reasoning goes like this: After our dismissal order, Muzikowski was faced with a choice to amend his complaint with claims that did not suffer from the deficiencies enumerated in the order or to pursue immediate appeal of the decision on his defamation per se and false light claims. He freely chose the latter, and the price of that choice is permanent forfeiture of the former. This argument as well as fundamental fairness strongly support a conclusion that Muzikowski should be limited to pursuing the claims that were considered and upheld by the appellate court. However, as noted earlier, the case law is not clear on whether the claims advanced in the amended complaint should be considered a third filing, and we are mindful of the Seventh Circuit's admonition that the scope of the narrow exception embodied in the "two-dismissal" rule should not be expanded when the underlying purpose of the exception would not be served. Sutton Place Development Co. v. Abacus Mortgage Inv. Co., 826 F.2d 637, 640 (7th Cir. 1987). The facts of this case present a very close

call as to whether the purpose of the exception would or would not be served; as Paramount points out, Muzikowski's actions in this case border on prejudice to the defendants. However, as Muzikowski points out, Paramount has not expressly raised this issue at any point in the litigation, even on appeal. If we were starting from a clean slate, we are not convinced that Muzikowski's argument would carry the day, but given that Muzikowski has been allowed to amend the complaint twice since the case was remanded, it would not be appropriate to create new law at this point that would have drastic consequences for a case already in progress. We therefore conclude that the new complaint is not barred by either the Illinois single-filing rule or Fed. R. Civ. Proc. 41.

Paramount also argues that the new defamation claims are barred by the law of the case doctrine. They base this contention on the combination of two things: first, the new claims were not included in the initial complaint; and second, the Seventh Circuit expressly stated that "any new [defamation] claim would be barred by the statute of limitations." Muzikowski, 322 F.3d at 923. While this accurately quotes the appellate court, it clearly applies only to defamation per quod claims; any defamation per se claims would have been barred by our decision regarding the application of the innocent construction rule. Thus, we cannot agree that the law of the case bars the specific claims embodied in Counts II and III. Both of these claims are claims for

defamation per se, not defamation per quod. Any amendment of the complaint to allege a different defamation per se claims (as opposed to per quod claims) would have been futile, regardless of whether the statutory limitation period had expired. It follows that the statement of the appellate court does not apply to these new claims.

Along the same vein, Paramount contends that Counts II and III are time-barred. Muzikowski responds that because his original complaint included a claim of defamation against Paramount based on the same facts that underlie the new allegations of defamation per se, the relation back doctrine allows him to take advantage of his original filing date. If Muzikowski is correct, his new claims would not be time-barred.

Under Federal Rule of Civil Procedure 15(c)(2), an amended complaint is not barred by the statute of limitations when it relates back to the date of the original pleading. Bularz v. Prudential Ins. Co. of Am., 93 F.3d 372, 379 (7th Cir. 1996). In order to relate back to the date of the original pleading, the new claim brought in the amended complaint must "[arise] out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading," even if the new claim involves a different substantive legal theory. Id. Here, Counts II and III stem from the same conduct, transaction, or occurrence that was at issue in the original complaint. Accordingly, the relation back doctrine applies to the newly alleged defamation claims,

and they are not time-barred. We now turn to the substantive challenges to the new claims.

## A. Count II

Count II of the Second Amended Complaint alleges that the film is defamatory per se toward Muzikowski in that it prejudices him in his profession as a Little League coach and fundraiser for the NWLL and the Chicago Hope Academy. A statement is defamatory per se if it wrongfully prejudices a party in her trade, profession, or business or falsely indicates that the party has committed a criminal offense, is infected with a venereal disease, is unable to perform or lacks integrity in the discharge of duties of public office, or has committed fornication or adultery. Bryson v. News Am. Publications, 672 N.E.2d 1207, 1214-15 (Ill. 1996).

Paramount's sole challenge to this count is that because Muzikowski is a volunteer in the NWLL and the Chicago Hope Academy, his work with them cannot be considered his profession. Rather, they insist, his only profession is that of securities and insurance broker. While this argument presents some initial appeal, it is insufficient to warrant dismissal of this count. Paramount has presented no authority that would indicate that, for the purposes of a defamation per se claim, a person can have only one business, trade, or profession. Cf. Campbell v. Morris, 224 Ill. App. 569 (Ill. App. Ct. 1922) (allowing defamation plaintiff to allege injury to plaintiff's

simultaneous occupations of surgeon and banker). Moreover, nothing in the case law indicates that payment for one's services is necessary for an activity to be considered a party's business or profession for the purpose of stating a legally cognizable defamation per se claim.

The parties' arguments on this point, while interesting, do little to illuminate the issue. Muzikowski's assertion that the Illinois courts have adopted the portions of § 573(b) of the Restatement (Second) of Torts, which states that holders of honorary or private offices in organizations such as fraternities and clubs can bring defamation per se claims for statements pertaining to their offices, is shaky at best. The two cases to which he refers do not support such a broad statement. In the first case, the Seventh Circuit addressed only §§ 559 and 566 of the Restatement (Second). Pope v. Chronicle Publishing Co., 95 F.3d 607 (7th Cir. 1996). The second case cites § 573(b) for the proposition that defamation in Illinois includes statements regarding the integrity of one who holds a public office, not an honorary or private one. Cooper v. Rockford Newspapers, Inc., 365 N.E.2d 744 (Ill. App. Ct. 1977). While these two cases may indicate that Illinois courts may eventually adopt § 573(b) in its entirety, the affirmative representation that they already have overstates the case.

With regard to Paramount's position, King v. Armstrong does not stand for the proposition that volunteer work cannot be a person's profession. 623 F. Supp. 487,

-11-

492 (N.D. Ill. 1985). Rather, the court in <u>King</u> specifically based its decision on the conclusion that the plaintiff's activities were not her profession or employment. The contents of the instant complaint, by contrast, could support the inference that Muzikowski's volunteer efforts comprise a second profession. The other case cited by Paramount does not address the question of whether unpaid activities can ever constitute a person's profession; that case concluded that only public officeholders could bring suit under the category of defamation per se discussed in <u>Cooper</u>. <u>Spelson v. CBS, Inc.</u>, 582 F. Supp 1195 (N.D. Ill. 1984).

Accordingly, we cannot say as a matter of law that Muzikowski's volunteer activities cannot be his profession for the purposes of a defamation per se claim, and Paramount's motion to dismiss Count II must be denied.

## B. Count III

Count III also involves a defamation per se claim, but this time it is premised on Muzikowski's occupation in the securities field. The gist of this claim is that the film depicts O'Neill engaging in activities that would prompt reporting responsibilities and possible disciplinary action by regulatory agencies. In other words, if the entities responsible for policing the securities industries believed that the real-life Muzikowski engaged in the same activities as the character O'Neill, he could face discipline either for not reporting these activities, for engaging in them at all, or both. Paramount

-12-

argues that these statements cannot form the basis of a defamation per se claim in that they require extrinsic facts to explain their defamatory meaning. We disagree. As the Illinois Supreme Court noted in Owen v. Carr, statements imputing a violation of the regulations of one's profession can be defamatory per se. 497 N.E.2d 1145, 1149 (Ill. 1986).[2] As that allegation is the basis of Count III, and Paramount advances no other deficiencies, Count III withstands the motion to dismiss. Paramount's challenge to the complaint's false light claims premised on the defamatory statements alleged in Counts II and III correspondingly survive.

## C. Counts V, VI, and IX

These counts allege false advertising and endorsement in violation of the Lanham Act, the Illinois Uniform Deceptive Trade Practices Act, and the Illinois Consumer Fraud and Deceptive Business Practice Act. As Paramount notes, for claims of deceptive trade practices such as these, the legal inquiry is the same under the Lanham Act as it is under the two state statutes. See, e.g., Spex, Inc. v. Joy of Spex, Inc., 847 F. Supp. 567, 578 (N.D. Ill. 1994), citing Gimix, Inc. v. JS & A Group, Inc.,

---

[2] Despite this statement, the Court in Owen affirmed the trial court's grant of the defendant's motion to dismiss by applying the innocent construction rule. Owen, 497 N.E.2d at 1149. However, in light of the Seventh Circuit's earlier decision in the case at bar, that rule cannot affect the outcome of the instant motion.

699 F.2d 901, 908 (7th Cir. 1983). Accordingly, the following analysis applies to all three counts.

*1. False Endorsement*

The gist of Muzikowski's false endorsement claims is that the use of a character similar to him in the movie gives the false impression that he sponsored or endorsed the film. In support of his argument, he looks to case law that stands for the proposition that endorsements can be implied through use of identifiers other than name or likeness. See, e.g., White v. Samsung Electronics America, 971 F.2d 1395, 1400 (9th Cir. 1992). The cases give this quality the necessarily amorphous moniker "persona." Although neither the parties' briefs nor our own research has revealed any Illinois cases involving this issue, the recently passed Illinois Right of Publicity Act defines a person's "identity" broadly, as "any attribute of an individual that serves to identify that individual to an ordinary, reasonable viewer or listener" and includes a nonexhaustive list of examples. 765 ILCS § 1075/5. While the term "persona" is not contained in the list of examples, the breadth of this new statute supports the conclusion that Illinois courts would use an expansive approach in determining what kinds of attributes are protected under the statute.[3] In essence, Muzikowski alleges that

_____

[3] However, several cases support the conclusion that the amalgamation of events transpiring during a person's life is not a protectible interest (even when a person's
(continued...)

the character O'Neill reflects his persona, thereby falsely implying that the real-life Muzikowski has endorsed the story Paramount's film tells.

In response, Paramount raises the fact that, because this case involves speech (and artistic expression at that), it has a significant First Amendment component. While that is certainly the case, the protections of the Amendment are not so absolute that they automatically bar Muzikowski from bringing his claims under the Lanham Act and similar state statutes. To properly assess Paramount's contention, we would be required to balance public interest in the free flow of ideas and creativity against Muzikowski's ability to control marketing of his claimed celebrity value. The time for such an inquiry has not yet come in this case. For purposes of the present motion, we look only to the legal sufficiency of Muzikowski's allegations in isolation. So viewed, they are sufficient to withstand the motion to dismiss.

---

[3] (...continued)
actual name and likeness are used and particularly when fictionalized elements are included) and therefore does not amount to a "persona." See, e.g., Matthews v. Wozencraft, 15 F.3d 432, 437 (5th Cir. 1994); Ruffin-Steinback v. dePasse, 82 F. Supp. 2d 723, 731 (E.D. Mich. 2000); Seale v. Gramercy Pictures, 949 F. Supp. 331, 337 (E.D. Pa. 1996); Hicks v. Casablanca Records, 464 F. Supp. 426, 433 (S.D.N.Y. 1978). See also White v. Samsung Electronics America, Inc., 989 F.2d 1512 (9th Cir. 1993) (dissent from denial of petition for rehearing) (expressing grave First Amendment implications of overprotection of celebrities' right of publicity and related rights).

## 2. *False Advertising*

Paramount avers that Muzikowski cannot bring a false advertisement claim because he has not alleged that he is a competitor of Paramount, because he has not alleged a misrepresentation within the advertisements or promotional material, and because he has not alleged actual consumer reliance, a necessary predicate of a claim for damages. L.S. Heath & Son v. At&T Info. Sys., Inc., 9 F.3d 561, 575 (7th Cir. 1993).

On the first and second points, we cannot agree with Paramount's contention that the Second Amended Complaint does not contain sufficient allegations that the two parties are competitors. Rather, it is apparent from the face of the complaint that Muzikowski claims that he and Paramount are competitors in marketing the goodwill he has accumulated with his philanthropic efforts. Furthermore, read with all reasonable inferences in favor of the plaintiff, the complaint alleges that the representation of the film as "based on" a true story, though not outright false, was misleading. See Hot Wax, Inc. v. Turtle Wax, Inc., 191 F.3d 813, 820 (7th Cir. 1999) (stating that claims that are literally true but that implicitly convey a false impression can form the basis of a false advertising claim). Whether Muzikowski will ultimately be able to prove these two propositions is another question, but not one that need be resolved for the purposes of this motion.

As for the final contention, Muzikowski does not contest and therefore concedes Paramount's point that he has not alleged actual consumer reliance. Def.'s Resp. at 8. Instead, he points out that he seeks relief other than money damages, which do not necessarily require allegations of actual reliance to be adequately pled. Accordingly, the portions of his complaint seeking money damages for false advertising are dismissed. The remainder of the relief he has requested survives the instant motion.

### D. Counts VII and VIII

These two counts are in essence claims for commercial disparagement. Here, Paramount's quarrel centers on the premise that the alleged characterizations (i.e., that Muzikowski is a thief, a liar, a felon, and a person incapable or unworthy of trust and responsibility) disparage Muzikowski only as an individual. It is true that commercial disparagement cannot be used as a vehicle to compensate a victim of unwarranted attacks that do not involve that person's goods, services, or business. Allcare, Inc. v. Bork, 531 N.E.2d 1033, 1037-38 (Ill. App. Ct. 1988); Am. Pet Motels, Inc. v. Chicago Veterinary Med. Ass'n, 435 N.E.2d 1297, 1303 (Ill. App. Ct. 1982). However, the complaint in this case alleges that honesty and trustworthiness are part and parcel of the services that Muzikowski offers as a securities broker and insurance salesman. As such, his pleading of these causes of action cannot be said to be fatally deficient.

-17-

## E. Count X

Count X purports to state a claim for intentional infliction of emotional distress. Paramount's sole argument in support of its dismissal for this count is that it cannot stand because of the First Amendment implications of this case. As stated earlier, this may very well be the case, but this defense does not address the issue of whether this count states a legally cognizable claim. The First Amendment, while powerful, does not provide an absolute bar to prohibitions of speech such that any request for injunctive relief in a case involving speech must be thrown out at the pleading stage.[4] Because Paramount does not argue any other inadequacies, the motion to dismiss this count is denied.

## F. Count XI

Count XI is a claim premised on unjust enrichment. Muzikowski alleges that he and Coyle had an implied contract that Muzikowski would cooperate with the author's efforts, including giving him special access to the details of Muzikowski's life and the inner workings of the NNLL. In return, Coyle would use the information only in a nonfiction book that accurately reflected (in Muzikowski's opinion), the stories he related to Coyle. Muzikowski argues that by not complying with the terms of this

---

[4] Paramount's motion to strike all requests for injunctive relief follows a similar line of argument. Simply put, it is too early in this litigation to weigh all of the considerations that would be involved in resolving the propriety of injunctive relief.

implied agreement in making the film, Paramount was unjustly enriched at his expense. The fact that Paramount was not a party to the alleged agreement is not dispositive; Illinois courts recognize unjust enrichment claims in which the benefit plaintiff seeks has been transferred to the defendant by a third party. HPI Health Services, Inc. v. Mt. Vernon Hospital, Inc., 131 Ill.2d 145, 161 (Ill. 1989). However, HPI limits the recovery of an unjust enrichment derived from third parties to three situations: "(1) where the benefit should have been given to the plaintiff but the third party mistakenly gave it to the defendant instead, (2) where the defendant procured the benefit from the third party through some type of wrongful conduct, or (3) where the plaintiff for some other reason had a better claim to the benefit than the defendant." Id. at 162 (citations omitted); see also Wolff v. Ampacet Corp. 284 Ill. App.3d 824, 830-31 (Ill. App. 1996) (overruled on other grounds by Morris B. Chapman & Assocs. v. Kitzman, 193 Ill.2d 560, 575 (Ill. 2000)).

It is clear that Muzikowski's claim does not fall into the first two categories. However, the third situation arguably applies. Paramount argues that the claim is insufficient, characterizing the benefit in question as the ability to tell a story incorporating aspects of Muzikowski's life. Because a person does not own his or her life story, they argue, there can be no implied contract involving the right to tell that story. This argument is correct as far as it goes, but Muzikowski's allegations of

benefit to Coyle and correspondingly to Paramount go beyond just the telling of his story. Muzikowski also alleges that he provided Coyle with access to details that only he could provide. While this may not prove ultimately to be the case, for the purposes of a motion to dismiss, Muzikowski states a cognizable claim under Illinois law.

## CONCLUSION

Based on the foregoing analysis, Paramount's motion to dismiss portions of the Second Amended Complaint is granted in part and denied in part.


Charles P. Kocoras
Chief Judge
United States District Court

Dated: ____DEC - 2 2003____