# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | Ian H. Levin |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6721 | **DATE** | 8/4/2004 |
| **CASE TITLE** | Muzikowski vs. Paramount Pictures Corporation | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
       ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Enter memorandum opinion and finding. The court determines that there has not bee good faith compliance by the plaintiff with the District Judge's order to make a realistic assessment of the documents to be used at trial. All matters relating to the referral of this action having been resolved, the case is returned to the assigned judge.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | 1 copy to Judge Kocoras | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | AUG 0 9 2004 date docketed | 84 |
| | Notified counsel by telephone. | JKM docketing deputy initials | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | 8/5/2004 date mailed notice | |
| ✓ | Copy to judge/magistrate judge. | | |
| SM courtroom deputy's initials | | 2004 AUG -5 PM 5:28 Date/time received in central Clerk's Office | SM mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED

AUG - 9 2004

ROBERT E. MUZIKOWSKI,

    Plaintiff,

v.

PARAMOUNT PICTURES CORPORATION,
SFX TOLLIN/ROBBINS, INC. and
FIREWORKS PICTURES,

    Defendants.

Case No. 01 C 6721

District Judge Charles P. Kocoras

Magistrate Judge Ian H. Levin

## MEMORANDUM OPINION AND FINDING

### INTRODUCTION

On July 1, 2004, this matter was referred by the District Judge to a Magistrate Judge[1] "for resolution of the current issue on whether or not there has been good faith compliance with the court's last order on the part of the plaintiff to make a realistic assessment of the documents intended to be used at trial, if a trial were to be had in this case." (Referral order and minute order of Hon. Charles P. Kocoras.)

### ISSUE

Defendants maintains that as of July 1, 2004 (the date of the referral), and to this date, Plaintiff has failed to comply with Judge Kocoras's order requiring Plaintiff to identify the documents upon which he intends to rely upon at trial. Plaintiff claims he has made good faith compliance with Judge Kocoras's June 9, 2004 order.

---

[1] Two Magistrate Judges recused themselves in the case.

## Background

The case herein is premised on Plaintiff's allegation that Defendants based the main character in the movie *Hardball* on him. Plaintiff therefore alleges *inter alia* claims for defamation, false light invasion of privacy, false endorsement, false advertising, commercial disparagement, intentional infliction of emotional distress and unjust enrichment. (Defs.' Submission at 1-2.)

## Chronology

### A. Pre-July 1, 2004

4/9/04: Defendants served contention interrogatories (including request for documents) on Plaintiff to determine the factual basis for his contentions. (Defs.' Submission at 2; Defs.' Ex. 2A.)

5/10/04: In Plaintiff's response, he failed to identify any documents. (Defs.' Submission at 2; Defs.' Ex. 2B at 4.)

5/04: Defendants unsuccessfully tried to resolve this issue with Plaintiff. (Defs.' Submission at 2; Defs.' Exs. 2C-2F.)

6/7/04: Defendants filed a motion to compel. (Defs.' Submission at 2; Defs.' Ex. 2.)

6/9/04: Judge Kocoras heard the motion to compel and ordered Plaintiff to identify the documents upon which he intended to rely on at trial (by about June 23, 2004). (Defs.' Submission at 2; Defs.' Ex. 3 at 6-7, 8, 9.)

6/24/04: Plaintiff served supplemental responses on Defendants but did not identify those documents he would use at trial. (Defs.' Submission at 2-3; Defs.' Ex. 4.) Instead, he identified virtually every document produced in the pending litigation by using broad descriptions of categories of documents. (*Id.*) *See e.g.*, Interrogatory No. 2 (in responding to Plaintiff's contention that Defendants had made misrepresentations in connection with the advertising of *Hardball*, Plaintiff set forth a page of broad descriptions of categories of documents and noted that the documents included "all documents containing descriptions of the movie *Hardball*." (Defs.' Ex. 4 at 10.)

Defendants sent Plaintiff a letter stating that the supplemental responses did not comply with Judge Kocoras order because he was "required . . . to identify with particularity the documents which you contend support your contentions." (Defs.' Submission at 3; Defs' Ex. 5.)

2

6/25/04: In response to Defendants' June 24, 2004 letter, Plaintiff wrote to Defendants indicating that he had complied with Judge Kocoras's order even though he stated that since the interrogatories "requested identification of all documents that relate to the various contentions–not the much narrower request for identification of documents that [Plaintiff] intends to rely upon at trial–[Plaintiff] is simply complying with the request to the best of his ability and understanding." (Defs.' Submission at 3; Defs.' Ex. 6.)

6/30/04: After the exchange of additional correspondence between Defendants and Plaintiff (Defs.' Exs. 7-9), where Defendants reiterated that Judge Kocoras's order called for Plaintiff to identify those documents he intends to rely on at trial, Plaintiff served a second set of supplemental responses on Defendant. (Defs.' Submission at 3; Defs.' Exs. 10 & 10A.) The second set of responses contained a lengthy list of documents which included irrelevant documents and documents which would not be used at trial. (Defs.' Submission at 3; Defs.' Ex. 10A.) *See e.g.*, Interrogatory No. 8 (in response to Plaintiff's contention that *Hardball* imputes to Plaintiff the commission of a serious criminal offense, Plaintiff identified a letter from Defendants' lawyer requested that Plaintiff refrain from disrupting the filming of the movie and an internal letter concerning the negotiations to purchase the book that inspired the movie and to hire a screenwriter. (Defs.' Submission at 3-4; Defs.' Ex. 11.)

### B. July 1, 2004 Status Hearing

7/1/04: At a status hearing before Judge Kocoras, Defendants' informed him of Plaintiff's conduct as it related to Judge Kocoras's court order. (Defs.' Submission at 4; Defs.' Ex. 12 at 3-4.) At that time, Judge Kocoras indicated that Plaintiff had not made a good faith effort to eliminate those documents that Plaintiff did not intend to rely on at trial. (Defs.' Submission at 4; Defs.' Ex. 12 at 6.) Judge Kocoras stated: "I have the clear belief that no one on your end of the case took a serious look and made a good-faith effort to eliminate stuff that really was not going to be offered at trial, and you could honestly and realistically say so today – or 'today' being the date of the inspection." (*Id.*) As a result, Judge Kocoras referred the matter to determine if "there has been good faith compliance with [his] last command on the part of [P]laintiff in this case to make a realistic assessment of the documents intended to be used at a trial, if a trial were to be had in this case." (Defs.' Submission at 4-5; Defs.' Ex. 12 at 9.)

### C. Activity after the July 1, 2004 referral

7/8/04: In response to Plaintiff's July 7, 2004 letter, Defendants stated in a July 8, 2004 letter that it was clear that Plaintiff had failed to comply with Judge Kocoras's order because all Plaintiff had done was identify the documents that he believed supported the contentions and he had failed to make a realistic assessment of which of those documents he would use at trial. (Defs.' Submission at 5; Defs.' Ex. 16.)

3

7/12/04: Plaintiff served an additional set of supplemental responses. (Defs.' Submission at 5; Defs.' Exs. 17 & 17A.) In Plaintiff's cover letter, he indicated the documents identified in the latest responses are "documents [P]laintiff intends to rely upon for possible use at trial. We will not rely upon at trial any documents to establish the contentions addressed in those interrogatories which have not been identified in the foregoing responses." (Defs.' Submission at 5; Defs.' Ex. 17 at 1.) Moreover, Plaintiff stated that "However, as I also stated in my letter of July 7, [P]laintiff's review of the documents produced in discovery is ongoing. To the extent that he is able to further reduce the volume of documents responsive to the Court's June 9, 2004 Order, he will do so." (*Id.*)

Defendants point out, however, that Plaintiff substantially by about twenty percent increased the number of documents he claims are "for possible use at trial" in his July 12, 2004 submission. (Defs.' Submission at 5-6; Compare Defs.' Ex. 10A with Defs.' Ex. 17A.) Defendants argue that many of the newly identified documents are irrelevant to the issues in the case and would not be used by Plaintiff as trial exhibits. (Defs.' Submission at 6.) *See e.g.*, Interrogatory Nos. 1, 2, 4, 5 and 7 (Plaintiff identified a blank piece of letterhead and a print-out from encyclopedia.com containing a definition of the term "tort"). (Defs.' Submission at 6; Defs.' Ex. 18.) Defendant further asserts that Plaintiff failed to eliminate any of the other irrelevant documents. (*Id.*)

7/14/04: Plaintiff sent another letter dated July 14, 2004 to Defendant in which he asserted that because "[P]laintiff has eliminated well over 80% of the documents produced in discovery . . . [and] given its assurance that it will not rely upon at trial any documents to establish the contentions . . . which have not been identified in its discovery responses . . . [P]laintiff has complied in good faith with the Court's June 9 Order." (Defs.' Submission at 6; Defs.' Ex. 19.)

Defendants, however, maintain that based on Plaintiff's July 12, 2004 and July 14, 2004 letters, Plaintiff has failed to understand Judge Kocoras's court order. Defendants argue, essentially, that instead of Plaintiff being overly inclusive and identifying every document that might possibly be used at trial, Judge Kocoras ordered Plaintiff not to be overly inclusive and to only identify those documents that he realistically believes will be used at trial. (Def.'s Submission at 6.)

7/16/04: Defendants sent a letter dated July 16, 2004 to Plaintiff stating he had not complied with Judge Kocoras's court order for the reasons stated at the two hearings and in the various correspondence. (Defs.' Submission at 6; Defs.' Ex. 20.)

7/22/04: Defendants filed a submission and supporting appendix.

8/2/04: The Plaintiff filed a letter with this court which states *inter alia* as follows:

"Following plaintiff's receipt of the defendants' submission regarding this matter

4

on Friday, July 23, 2004, plaintiff undertook the re-review of every single piece of paper that he identified in his second supplemental responses to the first set of interrogatories served by SFX Tollin/Robbins Inc. ("SFX") in order to eliminate any errors and obviate the need for unnecessary litigation."

The letter, after reciting specifics (e.g., 939 pages previously identified were either duplicative (751 pages) or erroneously identified (188 pages) and will not be used to "prove the contentions identified in SFX's interrogatories"), concludes:

"After eliminating (1) the documents that plaintiff no longer intends to rely upon to prove the contentions identified in response to SFX's interrogatories; and (2) the documents that were erroneously identified in response to SFX's interrogatories, the total number of pages identified in response to the Court's order of June 9, 2004 is 14, 599. The total number of pages produced in discovery is roughly 90,000." (Pl.'s Ex. 1.)

8/4/04: Oral argument held on issue referred. Plaintiff raises contention that he thought in good faith, based *inter alia* on the District Judge's minute order of June 9, 2004, that the court on June 9th had required Plaintiff only to provide responses to contention interrogatories and did not require Plaintiff to identify the documents he intends to rely on at trial. The Defendants vigorously dispute Plaintiff's contention.

## **FINDING**

After review, and making a realistic assessment, the court finds, respectfully, that neither by July 1, 2004 nor, importantly, even to the present date has Plaintiff complied in good faith with the District Judge's order to identify the documents Plaintiff "intends" to use at trial. The District Judge's July 1, 2004 minute order and transcripts of the two hearings before that court make it clear that the Plaintiff was mandated by the District Judge to identify documents that he intends to use and "intends to offer"[2] at trial. Instead, the Plaintiff in its last supplemental response of July 12, 2004, identified, unresponsively, only documents that he intends to rely on for "possible use at trial."[3]

---

[2] Transcript of District Judge Kocoras's July 1, 2004 hearing, page 5.

[3] Consistently, Plaintiff at oral argument on the referred issue stated that the documents Plaintiff has identified to date are ones Plaintiff "may use" at trial.

5

Furthermore, while the Plaintiff did whittle the list down from 90,000 pages of documents, this court does not deem a listing of 14,599 pages of documents to be a good faith assessment of the documents that, realistically, will be employed at trial by the Plaintiff.

ENTER:

*Ian H. Levin*

IAN H. LEVIN
United States Magistrate Judge

Dated: August 5, 2004